IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVAN CATELLANOS, | : | CIVIL ACTION |
| | : | NO. 19-03578 |
| Petitioner | : | |
| v. | : | |
| | : | |
| THERESA DELBALSO, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this **9th** day of **August, 2022,** upon consideration of Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 2), the response thereto (ECF No. 14), the Report and Recommendation of the United States Magistrate Judge David R. Strawbridge (ECF No. 15), Petitioner's objections to the Report and Recommendation (ECF No. 18), and the response to Petitioner's objections (ECF No. 20), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections are **OVERRULED**;

3. The petition for a writ of habeas corpus is **DENIED and DISMISSED with prejudice**;[1]

---

[1] Magistrate Judge Strawbridge adequately relayed the relevant facts, history, and law applicable to this case in his January 24, 2022 Report and Recommendation ("R&R"). There is no need for the Court to recount that information in full here.

On January 22, 2016, Petitioner pled guilty in the Northampton County Court of Common Pleas to a charge of attempted homicide. The plea reflected an agreement that Petitioner would receive a negotiated sentence of sixteen to thirty-five years' imprisonment. On February 25, 2016, Petitioner submitted a pro se motion to withdraw his guilty plea, arguing that counsel took advantage of an anxiety condition he suffers from. The trial court

1

denied the motion, finding that there was no basis to justify withdrawal of the plea. Petitioner appealed, and the Superior Court affirmed the trial court's decision. The Supreme Court of Pennsylvania denied the petition for allowance of appeal.

After submitting a pro se petition pursuant to the Post Conviction Relief Act (the "PCRA"), Petitioner filed the present pro se petition for a writ of habeas corpus. His petition raises three claims: (1) the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing, (2) he entered his guilty plea without knowledge and appreciation of the consequences of the application of the deadly weapon enhancement pursuant to the sentencing guidelines matrix, and (3) his trial counsel was ineffective in failing to investigate the application of the deadly weapon enhancement. Judge Strawbridge addressed all three claims in the R&R and ultimately concluded that Petitioner was not entitled to habeas relief.

Petitioner raises several objections to the R&R. This Court reviews de novo those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, courts have found that objections that merely rehash arguments made in the petition and that are properly addressed by the magistrate judge are not entitled to de novo review. See, e.g., Watson v. DelBalso, No. CV 17-3191, 2020 WL 4015249, at *1 (E.D. Pa. July 16, 2020); Thomaston v. Dist. Attorney of Philadelphia, No. CV 10-957, 2012 WL 252784, at *1 n.1 (E.D. Pa. Jan. 25, 2012); Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009). Moreover, "[a]lthough [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Sileo v. Rozum, No. CV 12-3803, 2015 WL 7444820, at *11 (E.D. Pa. Nov. 24, 2015) (quoting Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993)), aff'd sub nom. Sileo v. Superintendent Somerset SCI, 702 F. App'x 95 (3d Cir. 2017).

Most of petitioner's objections are restatements of the arguments in his petition. After reviewing these issues de novo, the Court agrees with, relies on, and adopts Judge Strawbridge's reasoning and will not address these objections further.

Petitioner's only objection that is not a reiteration of the arguments in his petition is the general objection that he did not procedurally default on his second claim. Petitioner claims that his guilty plea was not intelligent because he lacked the knowledge to fully understand the application of the deadly weapon enhancement pursuant to the sentencing guidelines matrix. In his R&R, Judge Strawbridge found that Petitioner procedurally defaulted on this claim. Petitioner initially presented this argument, along with others, to the state trial court, and the trial court rejected his arguments. Petitioner filed a direct appeal, but did not raise this issue with the Superior Court. The R&R provides that because "the opportunity to present this claim to the Superior Court has now passed under state procedural rules, this claim is considered procedurally defaulted." R&R, ECF No. 15 at 10.

Petitioner appears to argue that he preserved this claim because he raised it with the state trial court. However, Petitioner does not point to any evidence on the record suggesting that he raised this argument with the Superior Court. In fact, in its decision regarding Petitioner's appeal, the Superior Court noted that the only issue raise by Petitioner was "[w]hether the Trial Court erred and abused its discretion in denying Appellant's Motion to Withdraw Guilty Plea prior to sentencing despite Appellant's plausible

4. A certificate of appealability **SHALL NOT** issue, as Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

5. The Clerk of Court shall mark this case **CLOSED**.

   **AND IT IS SO ORDERED.**

   */s/ Eduardo C. Robreno*
   **EDUARDO C. ROBRENO, J.**

---

proclamation of innocence by asserting he was not guilty of the charge and the fact that the Commonwealth would not have been substantially prejudiced by the withdrawal?" Commonwealth v. Castellanos, No. 1074-EDA-2016, 2017 WL 1191286, at *2 (Super Ct. Pa. Mar. 30, 2017) (citing Appellant's Br. At 3). Thus, the Court finds that Petitioner's objection is without merit.

  Regardless, the R&R provides that even if Petitioner "had satisfied the exhaustion was finding, he could not have received relief from his conviction in light of the state court's finding that the guilty plea he entered was intelligent." R&R, ECF No. 15 at 11. Petitioner does not object to this finding, and the Court agrees with the R&R's analysis.

  The Court has carefully reviewed the briefings, as well as the related evidence, and agrees with Judge Strawbridge's conclusions. Therefore, it concludes that Petitioner's objections to the R&R are meritless.

3